UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAONAISSA WON, individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>AMAZON.COM, INC., AMAZON.COM SERVICES LLC, and AMAZON.COM SALES, INC.,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>*Jury Trial Demanded*<br><br>**EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1)** |

Named Plaintiff Caonaissa Won ("Named Plaintiff"), on behalf of herself and other similarly situated individuals, by her attorneys, Virginia & Ambinder, LLP alleges upon knowledge as to herself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This class action is brought against AMAZON.COM, INC., AMAZON.COM SERVICES LLC, and AMAZON.COM SALES, INC. (collectively referred to as "Defendants" or "Amazon") under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 USC §§ 4301-4335 *et seq.* ("USERRA") on behalf of current and former employees of Amazon throughout the United States, who took short-term military leave (i.e., military leaves that last 30 days or less) from October 10, 2004 through the present (the "Putative Class") (the Putative Class and Named Plaintiff referred to together as "Plaintiffs").

2. In 1994, Congress passed the USERRA with the goal of prohibiting civilian employers from discriminating against employees because of their military service. 38 U.S.C. § 4301(a).

3. Under the USERRA, 38 U.S.C. § 4316(b)(1), "a person who is absent from a position of employment by reason of service in the uniformed services shall be . . . entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the

1

person to employees having similar seniority, status, and pay who are on furlough or leave of absence."

4. As such, an employer must provide paid military leave to the same extent that it provides paid leave for other comparable nonmilitary leaves of absences, including but not limited to jury duty, witness duty, bereavement leave, and sick leave.

5. Since at least October 10, 2004, Amazon has maintained a policy and practice of failing to pay employees when they take short-term military leave, but paying wages or salaries to employees who take short-term nonmilitary leaves, including but not limited to leaves for jury duty or bereavement.

6. Amazon's failure to implement the same pay policies for short-term military leave as it provides for short term nonmilitary leave, such as jury duty or bereavement leave, constitutes a violation of USERRA's prohibition on treating military leave less favorably than other similar types of leave. 38 U.S.C. § 4316(b).

7. Named Plaintiff initiated this action for herself, and on behalf of the Putative Class to recover all damages permitted under the law including but not limited to unpaid wages and lost earnings and other benefits of employment, liquidated damages, pre- and post-judgment interest, attorneys' fees, and costs.

8. Plaintiffs further seek declaratory relief in the form of an order declaring that Amazon violated USERRA § 4316(b) by failing to provide paid leave to Plaintiffs for their short-term military leave to the same extent that Amazon provided pay to other employees for comparable short-term nonmilitary leave, and an order requiring Amazon to pay its employees during short-term military leave in the future to the same extent that Amazon pays for other comparable short-term nonmilitary leaves.

9. Upon information and belief, Amazon has applied these same unlawful employment policies, practices, and procedures to all Plaintiffs that worked for Amazon at all of Amazon's locations throughout the United States.

**JURISDICTION AND VENUE**

10. Venue for bringing this action in the Eastern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York. Venue is also proper in this District under 38 U.S.C. § 4323(c)(2), because Amazon is "the private employer of the person" who filed this action, and "maintains a place of business" in this District.

11. Jurisdiction of this Court is invoked pursuant to the USERRA, 38 U.S.C. § 4323(b)(3), and 28 U.S.C. §§ 1331 and 1337.

12. Plaintiffs demand that a jury trial be held for this action.

**PARTIES**

13. Named Plaintiff is a resident of the State of New York and was formerly employed by Amazon from approximately July 1, 2019 until about September 6, 2019.

14. Upon information and belief, Defendant Amazon.com Services LLC is a Delaware limited liability company registered to do business in New York, and conducts business in New York.

15. Upon information and belief, Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington, and conducts business in New York.

16. Upon information and belief, Defendant Amazon.com Sales, Inc. is a Delaware corporation registered to do business in New York, and conducts business in New York.

17. Upon information and belief, Defendants operate as joint employers and/or a single integrated enterprise.

18. Upon information and belief, Defendants are responsible for the firing and hiring of Named Plaintiff and Putative Class Members, and control the terms and conditions of their employment including but not limited to hiring, firing, promotions, discipline, directing their work, setting their rate of pay, including pay for leaves of absences, and setting their schedule.

19. Amazon is a private employer and constitutes an employer with respect to Named Plaintiff and the Putative Class within the meaning of 38 USC §§ 4303(4)(A) as it "pays salary or wages for work performed or has control over employment opportunities" for these individuals.

20. At all relevant times, Amazon is or was an employer of Named Plaintiff and the Putative Class within the meaning of 38 USC §§ 4303(4)(A).

21. Amazon is a publicly traded company. According to its 2020 Annual Report, Amazon directly employees 1.3 million people worldwide and serves more than 200 million "Prime members" worldwide.

22. Upon information and belief, in 2020 alone, at least 8,000 Reservists and National Guard members who worked for Amazon in the United States have performed military service. (https://www.aboutamazon.com/news/workplace/recognizing-the-8-000-amazon-reservists-and-national-guard-members-called-to-service-during-the-covid-19-pandemic).

23. Upon information and belief, in 2020 alone, Amazon employees served 20,000 days in the Reserves and National Guard. (*Id.*).

24. There are more than 40,000 veterans and military spouses employed at Amazon across the U.S. (*Id.*).

25. Amazon maintains numerous locations throughout the United States, including but not limited to Virginia, Georgia, Maryland, Washington, Massachusetts, Colorado, Kentucky, South Carolina, North Carolina, Tennessee, Illinois, Ohio, California, Texas, Michigan, North Dakota, Pennsylvania, Oregon, West Virginia, Indiana, Nevada, Pennsylvania, Minnesota, Delaware, New Jersey, New York, Arizona, Nevada, Florida, and Washington D.C. Accordingly, the members of the Class are geographically dispersed. (https://www.amazon.jobs/en/locations/?&continent=north_america&cache).

## **CLASS ALLEGATIONS**

26. Plaintiffs reallege and incorporate by reference all the allegations set forth above.

27. This action is properly maintainable as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

28. This action is brought on behalf of Named Plaintiff and a class consisting of current and former employees of Amazon throughout the United States, who took short-term military leave from October 10, 2004 through the present.

29. The Putative Class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be well in excess of 8,000 employees. In addition, the names of all members of the putative class are not known.

30. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Amazon has a policy and practice of failing to pay employees for short-term military leave while paying its employees for other comparable short-term nonmilitary

5

leaves such as bereavement leave and jury duty leave; (2) whether Amazon paid employees for other comparable short-term nonmilitary leaves such as jury duty service or bereavement leave; (3) whether the short-term nonmilitary leaves Amazon provides payment for to its employees are similar to short-term military leave.

31. The claims of the Named Plaintiff are typical of the claims of the Putative Class. Named Plaintiff and the Putative Class were all subject to Amazon's policies and willful practice of failing to pay wages and salaries for short-term military leave to the same extent that it provided pay for other comparable short-term nonmilitary leaves, such as jury duty or bereavement leave.

32. Named Plaintiff and her counsel will fairly and adequately protect the interests of the putative class. Named Plaintiff has retained counsel experienced in complex class-action litigation to recover unpaid wages.

33. Named Plaintiff understands her obligations as a class representative, is familiar with the facts and circumstances giving rise to this action, and intends to carry out the duties of a class representative.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Named Plaintiff and the Putative Class lack the financial resources to adequately prosecute separate lawsuits individually against Amazon. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Amazon's policies.

## STATEMENT OF FACTS

35. Named Plaintiff worked at Amazon as a fulfilment associate in the shipping department at an Amazon facility in New York State from approximately July 1, 2019, until about September 6, 2019.

36. Named Plaintiff was paid approximately $17.50 per hour for her work.

37. At all relevant times, Named Plaintiff was, and remains, an Active-Duty member of the United States Army Reserve.

38. Named Plaintiff was required to take no fewer than two short-term military leaves of absence of less than thirty (30) days each during her employment with Amazon in order to attend mandatory military training.

39. As such, Named Plaintiff engaged in military service that qualified as participation in uniformed service within the meaning of USERRA.

40. Named Plaintiff properly requested, and was granted, both short-term military leaves separately in order to attend to her military duties.

41. Named Plaintiff was directly informed that these short-term military leaves were unpaid.

42. Amazon did not pay Named Plaintiff any wages for either of her short-term military leaves.

43. Upon information and belief, Amazon does not provide paid leave to employees who take short-term military leave even though it pays employees for comparable short-term nonmilitary leaves, such as for jury duty or bereavement leave.

44. When employees take other comparable short-term leaves for nonmilitary reasons, such as jury service or bereavement, Amazon pays the employees for up to ten (10) days for jury duty leave and for up to three (3) days for bereavement leave.

45. The right to and/or benefit of payment by Amazon for short-term nonmilitary leaves such as bereavement or jury duty is not based on the seniority or status of an employee.

46. Upon information and belief, since at least October 10, 2004, Amazon has maintained this policy and practice of failing to pay employees for short-term military leave to the same extent that it pays employees for comparable forms of short-term nonmilitary leave.

47. Short-term leaves, such as jury duty and bereavement leave, are comparable to military leave with respect to the duration of these leaves and their nature.

48. Bereavement, jury duty, illness, and military service are involuntary in nature. The circumstances and conditions necessitating these types of leave do not arise within an employee's discretion. As such, an employee does not have the option of choosing when to take a given stretch of military, jury duty, witness duty, bereavement, or sick leave.

49. Jury duty leave, witness duty, bereavement leave, sick leave, and military service leave typically last approximately several days to a few weeks.

50. Both jury duty and military service are compulsory legally required types of service that may require a leave from employment. Jury duty and military service also share the common objective of serving the public interest.

51. Similarly, bereavement leave arises from an involuntary occurrence—typically the death of an immediate family member—which also may require an individual to take leave from employment in order to attend a funeral or to grieve.

52. Like Named Plaintiff, the Putative Class took short-term military leave in order to fulfill their obligations as uniformed service members, and thus engaged in military service that qualified as participation in uniformed service within the meaning of USERRA.

53. Like Named Plaintiff, Amazon failed to provide the Putative Class with pay for their short-term military leave to the same extent that they paid employees for comparable short-term nonmilitary leaves such as bereavement or jury duty service.

54. The short-term nonmilitary leaves that Amazon did pay employees for, such as bereavement and jury duty leave, were not based on seniority or status.

55. Upon information and belief, Amazon continues to provide a non-seniority right or benefit of paid short-term leave to employees for nonmilitary reasons, such as bereavement or jury duty service, but denies this benefit and right to employees taking short term-leave in order to perform military service.

56. Accordingly, Amazon treats military leave less favorably than it treats nonmilitary leave.

57. Amazon's unfavorable treatment of military leave, by failing to pay for short-term military leave to the same extent that it pays for comparable short-term nonmilitary leave, is willful.

**FIRST CAUSE OF ACTION**
**FAILURE TO PROVIDE EQUAL RIGHTS AND BENEFITS**
**IN VIOLATION OF USERRA, 38 U.S.C. § 4316(b)(1)**

58. Plaintiffs reallege and incorporate by reference all the allegations set forth above.

59. Under the USERRA, uniformed service members' military leave cannot be treated less favorably than other forms of similar leave provided to employees.

60. Pursuant to USERRA, 38 U.S.C. § 4316(b)(1), "a person who is absent from a position of employment by reason of service in the uniformed services shall be (A) deemed to be on furlough or leave of absence while performing such service; and (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence

under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service."

61. 38 U.S.C § 4303(2) defines "rights and benefits" as "the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment."

62. Pay during a leave of absence, including an employee's normal compensation rate, wages, or salaries constitute "rights and benefits" within the meaning of section 38 U.S.C § 4303(2).

63. Pursuant to regulations promulgated by the U.S. Department of Labor implementing USERRA § 4316(b)(1), "[i]f the non-seniority benefits to which employees on furlough or leave of absence are entitled vary according to the type of leave, the employee must be given the most favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services." 20 C.F.R. § 1002.150(b). "In order to determine whether any two types of leave are comparable, the duration of the leave may be the most significant factor to compare." *Id*. "In addition to comparing the duration of the absences, other factors such as the purpose of the leave and the ability of the employee to choose when to take the leave should also be considered." *Id*.

64. Amazon violated the USERRA by failing to provide paid leave to employees on short-term military leave to the same extent that Amazon provided paid leave to employees

on comparable forms of short-term nonmilitary leave, such as jury duty leave or bereavement leave.

65. Upon information and belief, Amazon provided, and continues to provide, a non-seniority right or benefit of paid short-term leave to employees for nonmilitary reasons such as bereavement or jury duty service, but denies this benefit and right to employees taking short term-leave in order to perform military service.

66. Upon information and belief, Amazon's unfavorable treatment of military leave, by failing to pay for short-term military leave to the same extent that it pays for comparable short-term nonmilitary leave, is willful.

67. Based on the foregoing, Amazon is liable to Plaintiffs in an amount to be determined at trial, for all damages permitted under the law including but not limited to unpaid wages and lost earnings and other benefits of employment, liquidated damages, pre- and post-judgement interest, attorneys' fees, and costs.

**WHEREFORE**, Named Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Amazon, demands judgment:

(1) On the First Cause of Action against Amazon, for all damages permitted under the USERRA in an amount to be determined at trial, including but not limited to unpaid wages and lost earnings and other benefits of employment, plus liquidated damages, pre- and post-judgment interest, attorneys' fees, and costs;

(2) An order declaring that Amazon violated the USERRA § 4316(b) by failing to provide paid leave to Plaintiffs for their short-term military leave to the same extent that it provided pay to employees for comparable short-term nonmilitary leaves, and an order requiring Amazon

to pay its employees during short-term military leave in the future to the same extent that Amazon pays for other comparable short-term nonmilitary leaves; and

      (3)      Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 20, 2021

                                 By:    /s/ LaDonna M. Lusher
                                         LaDonna M. Lusher, Esq.
                                         Alanna R. Sakovits, Esq.
                                         VIRGINIA & AMBINDER, LLP
                                         40 Broad Street, 7th Floor
                                         New York, New York 10004
                                         Tel:   (212) 943-9080
                                         Fax:   (212) 943-9082
                                         llusher@vandallp.com