**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

October 7, 2022

<u>VIA ECF</u>

Magistrate Judge Ramon E. Reyes, Jr.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Caonaissa Won v. Amazon.com Services LLC*, No. 1:21-cv-02867-NGG-RER

Dear Magistrate Judge Reyes:

In accordance with the Court's Order dated September 26, 2022, Plaintiff Caonaissa Won and Defendant Amazon.com Services LLC (collectively, the "Parties") jointly submit the following Joint Status Report:

### **Background & Status of this Action**

This case arises under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA").  On October 22, 2021, Ms. Won filed the operative complaint in this action, the First Amended Complaint.  (Dkt. 18).  Amazon moved to dismiss the First Amended Complaint, which was fully briefed (*see* Dkt. 22), and, on August 19, 2022, the Court ruled on Amazon's motion (Dkt. 27).  Subsequently, Amazon answered the First Amended Complaint on September 2, 2022. (Dkt. 28).  On October 7, 2022, Amazon will serve on Plaintiff a motion to certify the Court's August 19, 2022 order for interlocutory appeal under 28 U.S.C. § 1292(b).  Pursuant to the Court's "bundling rule," Amazon will file the full bundle when the motion is fully briefed.

### **How the Parties Intend To Proceed with this Action**

The Parties have met and conferred and jointly submit the discovery plan below.  The Parties have agreed on most issues, but present alternative proposals on a few issues on which the Parties could not come to an agreement.  This case is a putative class action and the parties anticipate that class certification briefing will involve the production of significant data in discovery.  In light of the anticipated discovery, and the holiday shopping season—a peak time for Amazon's business—the Parties believe that six months is an appropriate period for class-certification discovery, with merits discovery to follow.  Accordingly, the Parties respectfully request that the Court set the following schedule:

1. The automatic disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be made within fourteen days of the October 25, 2022 conference – *i.e.*, by November 8, 2022.

2. Initial discovery will be focused on issues relevant to class certification.  This discovery will focus on:

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

GIBSON DUNN

October 7, 2022
Page 2

      a.   the content of Amazon's military leave policies and certain non-military leave policies;

      b.   data regarding military leaves and certain non-military leaves;

      c.   Amazon's defenses.

The parties do not intend to divide discovery into formal phases, due to the potential for overlap between class certification issues and merits issues; however, they intend to limit discovery on merits to those issues that they deem relevant to the Rule 23 factors for class certification. This discovery shall be completed on or before April 25, 2023.

The Parties' views diverge on whether expert discovery is needed in advance of class certification. Their respective views are set out below.

**Plaintiff's view**: Plaintiff does not intend to produce an expert report or rely on expert testimony prior to class certification, and does not believe expert discovery will meaningfully inform the class certification analysis. At the merits stage, experts may be used to analyze the average duration of military leave and comparator leaves (and whether they are comparable); produce damages models using that data; or opine on the factors that employers typically consider when developing leave policies. These are merits questions that do not need to be resolved to evaluate the Rule 23 factors. For class certification, the relevant considerations are whether it is *possible* to analyze factors like duration, purpose, and voluntariness of the leaves on the basis of common evidence, and whether that analysis predominates over any individualized questions.

To the extent that the Court permits expert disclosure before class certification, Plaintiff opposes Defendant's proposal to exchange reports simultaneously with class certification briefs (see ¶ 6 below). This approach would make expert discovery more burdensome, increase the risk of surprise to both parties, and threaten to delay or derail the briefing cycle if expert discovery disputes arise.

**Defendant's View**: Discovery has not yet started, and a preliminary scheduling order is not the appropriate avenue to resolve issues concerning potential experts. Amazon has not yet decided whether it will produce an expert report in opposition to Plaintiff's motion for class certification. Amazon will make that decision as the discovery record is developed. For example, a statistical expert may be needed to evaluate data regarding Amazon's military leaves and to opine on the very question Plaintiff concedes needs to be answered—"whether it is *possible* to analyze" certain factors with common evidence. Amazon proposes a schedule that will permit the Parties to make an informed decision on the use of experts.

**GIBSON DUNN**

October 7, 2022
Page 3

> Plaintiff objects to filing expert reports simultaneously with class certification briefs, but it would not be feasible for Amazon to file an expert report *before* Plaintiff files her motion for class certification. Plaintiff has admitted that she may revise her class definition based on the discovery record. In these circumstances, it would not be possible to finalize an expert report before Plaintiff files her motion. Accordingly, Amazon respectfully suggests that the Court permit the Parties to file expert reports with their opening briefs on the class certification issue. Amazon recommends that the Court provide Amazon two months to respond to Plaintiff's motion, and provide Plaintiff a month to reply to Amazon's opposition. That should be enough time for the Parties to analyze and respond to any expert reports as needed.

3. No additional parties may be joined after December 23, 2022, unless ordered the by Court for good cause shown.

4. No amendment of pleadings will be permitted after December 23, 2022, unless ordered by the Court for good cause shown.

5. The Parties will propose deadlines for any additional discovery, after the Court rules on class certification.

6. The Parties will continue to confer about electronically-stored information and privilege, and will submit a proposed protocol covering the form of production, claims of privilege, and an order pursuant to Fed. R. Civ. P. 502(d) for the Court's approval.

7. The Parties will propose deadlines to file dispositive motions after the Court rules on class certification.

8. The Parties propose different deadlines for class certification briefing. This divergence stems from their disagreement regarding expert discovery (see ¶ 2 above).

    a. Plaintiff proposes the following deadlines:

        i. Motion for Class Certification to be filed by May 24, 2023.

        ii. Defendant's opposition to be filed by June 23, 2023.

        iii. Plaintiff's reply to be filed by July 14, 2023.

    b. Defendant proposes the following deadlines:

        i. Motion for Class Certification, including any expert reports in support of class certification, to be filed by May 25, 2023.

**GIBSON DUNN**

**GIBSON DUNN**

October 7, 2022
Page 4

      ii.  Defendant's opposition, including any expert reports in opposition to class certification, to be filed by July 25, 2023.

      iii.  Plaintiff's reply, including any rebuttal expert reports, to be filed by August 25, 2023.

9. The Parties have discussed settlement as required by Rule 26(f), and the parties anticipate that they will continue to discuss settlement as the case proceeds.

Dated: October 7, 2022

By:   */s/ Michael J. Scimone*
Michael J. Scimone
OUTTEN & GOLDEN LLP
685 Third Avenue
25th Floor
New York, NY 10017
Tel.: (212) 245-1000
mscimone@outtengolden.com

LaDonna M. Lusher
Alanna R. Sakovits
VIRGINIA & AMBINDER, LLP
40 Broad Street, 7th Floor
New York, NY 10004
Tel.: (212) 943-9080
Fax: (212) 943-9082
llusher@vandallp.com

*Attorneys for Plaintiff*

By:   */s/ Jason C. Schwartz*
Jason C. Schwartz (*pro hac vice*)
Brian A. Richman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel.: (202) 955-8500
jschwartz@gibsondunn.com
brichman@gibsondunn.com

Gabrielle Levin
Lauren J. Elliot
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 351-4000
glevin@gibsondunn.com
lelliot@gibsondunn.com

*Attorneys for Defendant*