UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CAONISSA WON, individually and on behalf of other persons similarly situated,

      Plaintiff,

-against-

AMAZON.COM SERVICES LLC,

      Defendant.

---

**MEMORANDUM & ORDER**
**21-CV-2867 (NGG) (LKE)**

NICHOLAS G. GARAUFIS, United States District Judge.

On August 28, 2025, the court issued a Memorandum and Order (the "August Order") overruling in part and adopting in part Magistrate Judge Laura K. Eshkenazi's Report and Recommendation, (("R&R") (Dkt. 62)), recommending that it grant Plaintiff Caonissa Won's request to certify a class under Federal Rule of Civil Procedure 23(b)(3) with Won as class representative. (("Mem. & Order") (Dkt. 82).)[1] It held that Won lacked standing to bring her suit and provided 60 days to propose a new class representative. (*See* Mem. & Order at 29.)

Now before the court is Defendant Amazon.com Services LLC's ("Amazon's") motion to reconsider that August Order. (*See* Mot. for Recons. ("Def.'s Mot.") (Dkt. 83).) Amazon contends that the court must dismiss Won's suit in its entirety given that it does not have jurisdiction where the proposed class representative lacks standing.[2] Because the court agrees, it GRANTS Amazon's motion for reconsideration and VACATES IN PART its August Order.

---

[1] The court assumes familiarity with this case's underlying claims and its factual background as discussed in its August Order. (*See* Mem. & Order at 2-7.)

[2] The phrases "proposed class representative" and "named plaintiff" are used interchangeably throughout this opinion.

1

Accordingly, Won's lawsuit is DISMISSED WITHOUT PREJUDICE.

## I. THE AUGUST ORDER AND ISSUES UNDER RECONSIDERATION

In its August Order, the court stated that Won had not "suffered an injury sufficient to confer standing under Article III of the Constitution" because she was "better off" under the Amazon's leave policy that she was challenging. (Mem. & Order at 10, 12 (citing *Trans Union LLC v. Ramirez*, 594 U.S. 413, 427-29 (2021).) As the court explained, "how much Amazon pays the employee during their leave [] determines whether there is a concrete injury" for standing. (Mem. & Order at 19.) Considering the period of leave that Won alleged in her amended complaint,[3] the court concluded that she "is likely to be financially better off" under the policy. (Mem. & Order at 19-22.) It therefore "depart[ed] from Magistrate Judge Eshkenazi's recommendation and f[ound] that Won is an improper representative."[4] (Mem. & Order at 22-23 (citing R&R at 16-18).)

After determining that Won lacked standing, the court "adopt[ed] the approach" of another court in this circuit that "conditionally certified a class because the sole named plaintiff was an improper representative due to [a] 'potential for a conflict of interest[]' with class members." (Mem. & Order at 23 (citing *Shankroff v. AdvestJ Inc.*, 112 F.R.D. 190, 194 (S.D.N.Y. 1986) (conditioning certification on plaintiff's counsel proposing "at

---

[3] That period was August 11, 2019 through September 6, 2019. (Mem. & Order at 12.)

[4] The court further reasoned that Won being "better off" under Amazon's employment policy "creates a conflict between her interests and the interests of those class members who were worse off under the [] policy." (Mem. & Order at 22.) Thus, it concluded that Won failed to satisfy the adequacy requirement for class certification under Rule 23(a)(4). (Mem. & Order at 22-23.)

least one plaintiff to proceed as representative on behalf of the class" within 30 days)).)[5] Thus, it "direct[ed] Won's counsel to propose at least one plaintiff to serve as class representative within 60 days" of its August Order. (Mem. & Order at 23, 29.) Subject to that directive, however, the court "granted" Won's "motion to certify a class under Rule 23(b)(3)." (Mem. & Order at 29.)

Amazon now takes issue with that August Order. It maintains that "once the [c]ourt concluded [that] Ms. Won lacked Article III standing, it should have dismissed the case for lack of subject matter jurisdiction." (Def.'s Mot. at 1.) Amazon urges the court to follow Second Circuit precedent that requires "[a] named plaintiff [to] demonstrate standing before 'the inquiry shifts to a class action analysis' under Rule 23." (Def.'s Mot. at 2 (quoting *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 159 (2d Cir. 2012)).) It contests that in cases like this one, where "a court determines that it lacks jurisdiction over the named plaintiff's claim, there is only one thing left to do—dismiss the case." (Def.'s Mot. at 2 (citing *Ret. Bd. of the Policemen's Annuity & Ben. Fund of the City of Chicago v. Bank of N.Y. Mellon*, 775 F.3d 154, 163 (2d Cir. 2014) (holding that "dismissal of the claims for lack of standing" is the appropriate disposition when a named plaintiff lacks standing to represent a putative class).) Amazon also distinguishes this case from the August Order's citation to *Shankroff* because the issue in that case was "merely one

---

[5] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

of adequacy" not also one of "jurisdiction" like standing.[6] (Def.'s Mot. at 3 (citing 112 F.R.D. at 194).)

After receiving Amazon's motion, the court issued an order that "direct[ed]" Won to file a response "and identify caselaw where the sole named plaintiff lacked standing but the court granted leave to identify plaintiff(s) with standing prior to certification of the class." (Text Order Dated Sept. 12, 2025.) In that response, Won cites cases to support the proposition that "[c]hanging or adding additional class representatives is a 'routine feature of class action litigation.'" (Resp. to Mot. for Recons. ("Pl.'s Opp.") (Dkt. 87) at 4 (quoting *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) and citing *Spizzirri v. C.I.L. Inc.*, No. 94-CV-1479 (RRP), 1994 U.S. Dist. LEXIS 11719, at *11 (N.D. Ill. Aug. 18, 1994)).) She also cites cases that have declined to dismiss suits and require refiling in light of the parties' and public's "interest in [a] dispute being resolved in a timely manner." (Pl.'s Opp. at 4-5 (citing *Gaddy v. Long & Foster Co.*, No. 21-CV-2396 (EAP), 2023 U.S. Dist. LEXIS 22935, at *16 (D.N.J. Feb. 10, 2023) and *Wilson v. Quest Diagnostics Inc.*, No. 18-CV-1196 (WJM), 2020 U.S. Dist. LEXIS 13190, at *8-9 (D.N.J. Jan. 24, 2020)).)

But Won does not stop there. Her response brief also attempts to shape the factual record, mentioning two new periods of leave that she maintains are "undisputed and well established in the

---

[6] "If the court is not inclined to dismiss [Won's suit]," Amazon separately seeks clarity as to "whether [the court] has issued a final class-certification order subject to appeal under Rule 23(f)." (Def.'s Mot. at 3-5.) As the court explains, it is so inclined to dismiss this suit. Thus, it omits further discussion of this issue as moot.

record."[7] (Pl.'s Opp. at 1-2.) Unlike the period of leave that formed the basis for the court's August Order, she contends that these two shorter periods would have "unambiguously" left her better off had Amazon's challenged leave policy not applied. (Pl.'s Opp. at 2.) She therefore concludes that they are "sufficient to convey standing." (*Id.*) Won admits, however, that she did not "specifically allege" these instances of leave in her amended complaint and that "the [c]ourt denied" her request to amend her complaint a second time, in part to add these allegations "in an abundance of caution." (Pl.'s Opp. at 1 n.1 (citing Mem. & Order Denying Leave to File a Second Am. Compl. ("April Order") (Dkt. 72)).) She also mentions that she identified the two periods of leave "in an interrogatory response" and her briefing before Magistrate Judge Eshkenazi. (Pl.'s Opp. at 2.)

In its reply brief, Amazon takes issue with Won introducing these leave periods. It points out that she admitted having "never plead[ed] those leaves" and that she never raised them during class certification proceedings. (Def.'s Reply Mem. in Support of Defs.' Mot. for Recons. ("Def.'s Reply") (Dkt. 88) at 2.) It further stresses that the court's earlier denial of her request to add these periods to her complaint is meaningful. (Def.'s Reply at 2-3.) Amazon next addresses Won's claim she identified the leaves in her "interrogatory response." (Def.'s Reply at 3.) It points out that she failed to identify the leave periods in her initial responses. (*Id.*) As Amazon notes, she only amended those responses to disclose them "more than a year after discovery had closed." (*Id.*) Under Rule 37(c)(1), it therefore claims that she is "precluded from using that information." (*Id.*)

---

[7] "While employed at Amazon, Plaintiff took multiple short-term military leaves, including a three-day leave from July 12-14 2019 and another two-day leave from August 3-4 2019, in addition to the [leave] that w[as] the focus of the Court's opinion and the First Amended Complaint." (Pl.'s Opp. at 1.)

Separately, Amazon insists that Won "failed to comply" with the court's September 12, 2025 briefing notice. (Def.'s Reply at 1.) It observes that none of the cases that Won cites in her response "permit[ed] substitution of a new class representative where the sole named plaintiff lacks standing." (*Id.*) In these scenarios, as with any "jurisdictional defect," Amazon concludes that the law is "uniform": a court "must dismiss the action." (Def.'s Reply at 2.)

## II. LEGAL STANDARD

The standard for granting a motion for reconsideration is "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Still, courts will grant such motions if "the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court" *Id.* (holding that the district court's decision to reconsider its earlier ruling was not an abuse of discretion).

## III. DISCUSSION

The court agrees with Amazon on two grounds. First, the new periods of leave that Won now seeks to introduce are not properly before the court. Second, her lack of standing necessitates this case's dismissal.

### A. Won's Two Newly Raised Periods of Leave

"[S]tanding is at heart 'a jurisdictional prerequisite to a federal court's deliberations.'" *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994) (quoting *Hodel v. Irving*, 481 U.S. 704, 711 (1987)). Thus, the Second Circuit has generally adhered to the view "that arguments for or against standing may not be waived." *Wight v. BankAmerica Corp.*, 219 F.3d 79, 90 (2d Cir. 2000). Nonetheless, it has explained that district courts need not address arguments that "are not found in [either] [a] complaint

or in a filing that the district court could have properly considered when determining whether [the plaintiff] has standing." *Carlone v. Lamont*, No. 21-871, 2021 WL 5049455, at *3 n.3 (2d Cir. Nov. 1, 2021) (summary order); *see also Edwards v. Foxwoods Resort Casino*, No. 17-CV-5869 (JMA), 2019 WL 486077, at *3 (E.D.N.Y. Feb. 7, 2019) ("Because Plaintiffs have not raised any arguments in favor of [] jurisdiction . . . the Court finds that any such arguments have been waived."); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (holding that "the party invoking federal jurisdiction bears the burden of establishing" standing at each "successive stage[] of the litigation").

There are several ways that a party might fail to present evidence to the district court for proper consideration in favor of standing. Relevant here are three. First, a court need not consider arguments for standing raised "nowhere in the complaint or opposition to the instant motion." *Prakash v. Homecomings Fin.*, No. 05-CV-2895 (JFB) (VVP), 2006 WL 2570900 at *3-5 (E.D.N.Y. Sept. 5, 2006); *see also Carlone*, 2021 WL 5049455, at *3 n.3. Second, under Rule 37(c)(1) a party is "not allowed to use [] information . . . to supply evidence on a motion" if she failed to timely disclose that information—"unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (reviewing a district court's determination to exclude evidence under Rule 37(c)(1) for abuse of discretion).[8] Third, a party may not

---

[8] In determining whether the district court acted within its discretion under Rule 37(c)(1), reviewing courts consider "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson*, 440 F.3d at 117 (quoting *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir.1997)).

"attempt to relitigate standing through a motion for reconsideration" in an "attempt to plug the holes in the record with facts that should have been proffered in the first instance." *Diaz v. Loc. No. 241, Transp. Workers Union of Am.*, No. 17-CV-8898 (WHP), 2021 WL 1063184, at *11 (S.D.N.Y. Mar. 19, 2021); *see Nat'l Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) ("On such a [Local Civil Rule 6.3] motion" for reconsideration, "a party may not advance new facts, issues, or arguments not previously presented to the [district] [c]ourt.").

Won's attempt to raise the two new periods of leave violates each of these three principles. First, she did not mention the leave periods in either her amended complaint or class certification briefing. Although she attempted to add them to a second amended complaint, the court denied her leave to do so. (*See* April Order at 9.) It reasoned that Amazon "could not have been on notice to amply defend against" the new allegations. (April Order at 7.) It further noted that Won "had access to information that would have allowed her to plead the relevant facts . . . for years." (April Order at 6.) Similarly, she did not discuss the new leave periods in her class certification briefing. (*See* Pl.'s Mem. of L. in Supp. of Pl.'s Mot. for Class Cert. ("Pl.'s Class Cert. Brief") (Dkt. 54-1) at 2-4.) Thus, the court need not, and does not, consider them now. *See Prakash*, 2006 WL 2570900 at *3-5; *Carlone*, 2021 WL 5049455, at *3 n.3

Second, Won failed to timely disclose the new periods of leave in her interrogatory responses. True, she attempted to cure the defect with an amended response. (*See* Pl.'s Further Resps. & Objs. to Def.'s 1st Set of Interrogs. ("Updated Resp. to Interrogs.") (Dkt. 63-4) at 4.) But that was over two years after her initial response and over a year after discovery for class certification had closed. (*See id.*) These additional leave periods were both responsive to an interrogatory from Amazon and known to Won at the time of her original answers. Nonetheless, she failed to provide

an explanation for her omission or her delay in correcting it.[9] (*See* Updated Resp. to Interrogs. at 3-4.) Thus, the court does not find that omission "substantially justified" such that it can be overlooked. *See* Fed. R. Civ. P. 37(c)(1). Nor does it find it "harmless." *See id.* Won amended her interrogatory response only when filing her objections to Magistrate Judge Eshkenazi's R&R. (*See* Updated Resp. to Interrogs. at 4.) Given that class certification briefing preceded the R&R, Amazon could not address Won's claim to standing from those dates—let alone conduct any discovery into her responses. Given this context, the court omits consideration of Won's newly raised periods of leave under Rule 37(c)(1). *See Patterson*, 440 F.3d at 117.

Third, Won raises new arguments on reconsideration that she failed to raise in her class certification brief. (*See* Pl.'s Class Cert. Brief at 2-4.) Worse still, her class certification brief affirmatively cites—and includes as an exhibit—her original interrogatory response. (Pl.'s Resps. & Objs. to Def.'s First Set of Interrogs. ("Original Resp. to Interrogs.") (Dkt. 54-6) at ECF p. 6.) Again, that original response omitted the new leave periods from the relevant dates of leave that it listed. (*Id.*) Only after Amazon submitted its own brief opposing class certification did Won reveal the new leave periods, in a new exhibit attached to her objections to the R&R. (*See* Updated Resp. to Interrogs. at 4-5.) The court will not allow Won to circumvent opposition from Amazon and, perhaps along with it, Article III's standing requirement. It therefore declines to consider the new periods of leave "that should have been proffered in the first instance." *Diaz*, 2021 WL 1063184, at *11; *see Nat'l Union Fire Ins. Co.*, 265 F.3d at 115.

---

[9] Won's response brief to the present motion does not even directly admit that she revealed the information in an amended interrogatory response. It just obliquely mentions that she had disclosed the periods of leave. (*See* Pl. Opp. at 2 ("Plaintiff also identified these leaves in an interrogatory response.").)

\* \* \*

For each of these three reasons, the court declines to consider Won's argument that the two newly raised periods of leave provide her with Article III standing. *Carlone*, 2021 WL 5049455, at *3 n.3. Accordingly, the court affirms its conclusion from the August Order that Won has failed to establish Article III standing to move forward as class representative. (*See* Mem. & Order at 19-22.)

### B. Dismissal Without Prejudice

The "threshold question in every federal case" is "whether the plaintiff has made out a case or controversy between [herself] and the defendant within the meaning of Art. III." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006). A proposed class representative therefore must demonstrate standing before "the inquiry shift[s] to a class action analysis" under Rule 23. *NECA-IBEW Health & Welfare Fund*, 693 F.3d at 159. Put otherwise, "the Article III standing determination should precede that of class certification." *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 862 F. Supp. 2d 322, 333 (S.D.N.Y. 2012); *In re Salomon Smith Barney Mut. Fund Fees Litig.*, 441 F. Supp. 2d 579, 605 (S.D.N.Y. 2006) (following a similar "two-step analysis"). Under that framework, if the court determines that a named plaintiff lacks standing to represent a putative class, "dismissal of th[e] claims" is the appropriate disposition. *Bank of N.Y. Mellon*, 775 F.3d at 163.

The court determined in its August Order that Won lacked standing to sue Amazon. (*See* Mem. & Order at 19-22.) It then "direct[ed]" Won to "identify caselaw where the sole named plaintiff lacked standing but the court granted leave to identify plaintiff(s) with standing prior to certification of the class." (Text Order Dated Sept. 12, 2025.) Won cites many cases aimed at that instruction in her response brief, but none directly on point. (*See*

10

Pl.'s Opp. at 4-5; Def.'s Reply at 1 (observing the same).) Amazon, on the other hand, demonstrated that the caselaw is "uniform" in holding that a court "must dismiss the action" under these circumstances.[10] (Def.'s Reply at 2)). It also effectively distinguished *Shankroff*, which this court relied on in its August Order to permit Won's counsel to find a new lead plaintiff. (Def.'s Mot. at 3 (citing 112 F.R.D. at 194.)) This, combined with the number and weight of cases that Amazon cites to the contrary, could "reasonably be expected to alter the conclusion" of the court in its August Order not to dismiss Won's lawsuit. *Shrader*, 70 F.3d at 257. Thus, Amazon has met the standard for this court to grant its motion for reconsideration and to dismiss this case without prejudice. *See id.*

To be sure, this ruling does not doom Won's case. As she notes, the Uniform Services Employment and Reemployment Act has no statute of limitations. (Pl.'s Opp. at 4 n.5 (citing *Clarkson v. Ala. Airlines, Inc.*, No. 19-CV-0005 (TOR), 2020 U.S. Dist. LEXIS 184477, at *10 (E.D. Wash. Oct. 5, 2020)); *see* 38 U.S.C. § 4327(b).) And if properly presented to the court, Won's two newly raised periods of leave might very well provide her standing. But they were not properly presented. So at least for now, her lawsuit cannot move forward.

---

[10] (*See* Def.'s Mot. at 2-3 (citing *Bank of N.Y. Mellon*, 775 F.3d at 163; *Okla. Firefighters Pension & Ret. Sys. v. Student Loan Corp.*, 951 F. Supp. 2d 479, 494 (S.D.N.Y. 2013) (citing *In re Smith Barney Transfer Agent Litig.*, 765 F. Supp. 2d 391, 403 (S.D.N.Y. 2011)); *LaVoice v. UBS Fin. Servs., Inc.*, No. 11-CV-2308 (KMW) (JLC), 2013 WL 5380759, at *3 n.6 (S.D.N.Y. Sept. 26, 2013); *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1023 (9th Cir. 2003) (quoting *Foster v. Ctr. Twp. of LaPorte Cnty.*, 798 F.2d 237, 244-45 (7th Cir. 1986)).)

## IV. CONCLUSION

For the forgoing reasons, the court GRANTS Amazon's motion for reconsideration and VACATES IN PART its August Order. Accordingly, this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Dated:  Brooklyn, New York
   October 21, 2025

                                                  s/Nicholas G. Garaufis
                                                NICHOLAS G. GARAUFIS
                                                United States District Judge